UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LINDA F. DOTSON, | ) | Civil Action No.: 4:07-cv-151-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MCLEOD HEALTH SHORT TERM | ) | |
| DISABILITY PLAN; MCLEOD HEALTH | ) | |
| LONG TERM DISABILITY PLAN; | ) | |
| MCLEOD HEALTH EMPLOYEE GROUP | ) | |
| TERM LIFE INSURANCE PLAN; MCLEOD | ) | |
| HEALTH; LIBERTY LIFE ASSURANCE | ) | |
| COMPANY OF BOSTON; METROPOLITAN | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the court are: 1) Defendant McLeod Health's [Docket Entry #17] motion to dismiss and/or partial summary judgment; 2) Defendants McLeod Health and McLeod Health Short Term Disability Plan's [Docket Entry #18] motion to strike Plaintiff's jury demand; 3) Defendant Liberty Life Assurance Company of Boston's [Docket Entry #27] motion to dismiss and to strike; 4) Defendant Metropolitan Life Insurance Company's [Docket Entry #49] motion to dismiss and to strike; and 5) Defendant McLeod Health Employee Group Term Life Insurance Plan's [Docket Entry #51] motion to dismiss and to strike.

**Background**

Plaintiff was an employee of Defendant McLeod Health and is a qualified participant in the McLeod Health Short Term Disability Plan, McLeod Health Long Term Disability Plan, and McLeod Health Employee Group Term Life Insurance Plan (collectively referred to as the "McLeod Health Benefit Plans"). The McLeod Health Benefit Plans are employee benefit

plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1001-1461).

According to Plaintiff's Complaint, on March 27, 2003, Plaintiff was injured at McLeod while transporting a patient in a wheelchair. Plaintiff unsuccessfully filed claims for benefits under the McLeod Health Benefit Plans. Plaintiff alleges that as of the date of the Complaint, the Defendants have continued to deny benefits to the Plaintiff. Plaintiff has brought claims for benefits due under 29 U.S.C. § 1132(a)(1)(B) against the McLeod Health Benefit Plans. Plaintiff has also brought breach of fiduciary duty claims under 29 U.S.C. § 1132(a)(3) against Defendants McLeod Health, Liberty Life Assurance Company of Boston ("Liberty Life"), and Metropolitan Life Insurance Company ("MetLife").

This action was removed to this court from the South Carolina Court of Common Pleas for the Twelfth Judicial Circuit in Florence County, South Carolina.

## Discussion

A.    Breach of Fiduciary Duty Claims

This court recently addressed the issues presented in this case in *Pearson v. Abbott Laboratories Annuity Retirement Plan, et al.*, Civil Action No. 4:06-cv-03330-RBH, Docket Entry #12. In *Pearson*, this court concluded that where it is apparent from the face of the Complaint that the plaintiff has an adequate remedy under § 1132(a)(1)(B) for the injuries he alleged and his breach of fiduciary duty claim is merely a repackaged claim for benefits due, a cause of action for breach of fiduciary duty under § 1132(a)(3) is not appropriate. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996); *Korotynska v. Metropolitan Life Ins. Co.*, 474 F.3d 101, 107 (4th Cir. 2006); *Cherepinsky v. Sears Roebuck and Co.*, 487 F. Supp. 2d 632, 642

(D.S.C. 2006) (stating that "[b]ecause adequate relief is available to the Plaintiff under [§ 1132(a)(1)(B)], Plaintiff is not entitled to individualized relief under section [§ 1132(a)(3)]"); *Hoyle v. Liberty Life Assur. Co. of Boston Inc.*, 291 F. Supp. 2d 414, 417-18 (W.D.N.C. 2003) (dismissing breach of fiduciary duty claim under § 1132(a)(3) where plaintiff had adequate remedy under § 1132(a)(1)(B)); *Doss v. Hartford Life Ins. Co.*, No. 3:05CV386-C, 2005 WL 3864114, at *2 (W.D.N.C. Dec. 21, 2005) (stating "it is well settled that where a Plaintiff has available to her other adequate relief under ERISA, such as a claim for benefits under Section [1132(a)(1)(B)], a breach of fiduciary duty claim brought under Section [1132(a)(3)] is duplicative and must be dismissed"), *adopted by*, 2006 WL 695022 (W.D.N.C. March 12, 2006); *Sawyer v. Potash Corp. of Saskatchewan*, 417 F. Supp. 2d 730, 745 (E.D.N.C. 2006) (stating "a plaintiff may not pursue a claim under § [1132(a)(3)] related to an alleged wrongful denial of benefits for which she has also sought a remedy under § [1132(a)(1)(B)]"); *Crummett v. Metropolitan Life Ins. Co.*, No. 06-1450, 2007 WL 2071704, at *3 (D.D.C. July 16, 2007) (dismissing plaintiff's breach of fiduciary duty claim under § 1132(a)(3) concluding that the plaintiff merely repackaged her benefits claim as a breach of fiduciary duty claim); *Rice ex rel. Rice v. Humana Ins. Co.*, No. 07 C 1715, 2007 WL 1655285, at *3 (N.D.Ill. June 4, 2007) (dismissing plaintiff's § 1132(a)(3) breach of fiduciary duty claim noting that the relief plaintiff was seeking in his claim under § 1132(a)(3) was also available to him under § 1132(a)(1)(B)).

Like the plaintiff in *Pearson*, the Plaintiff in this case has brought claims for benefits due under § 1132(a)(1)(B) and claims for breach of fiduciary duty under § 1132(a)(3). Also like the plaintiff in *Pearson*, the Plaintiff in this case has merely repackaged her claims for benefits due as breach of fiduciary duty claims. Plaintiff argues that the breach of fiduciary

3

duty claims are intended to be a safety net in the event her claims for benefits fail for some procedural reason.[1]  However, "*Varity* allows equitable relief [under § 1132(a)(3)] when the available remedy is inadequate, not when the legal framework for obtaining that remedy is, to the plaintiff's mind, undesirable." *Korotynska*, 474 F.3d at 108.  The simple fact that the Plaintiff may not prevail on her claim under § 1132(a)(1)(B) does not make her alternative claim under § 1132(a)(3) viable. *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998).

The injuries Plaintiff suffered are denials of benefits under the various McLeod Health Benefit Plans.  Plaintiff has an adequate remedy for these injuries through her right to sue the Plans directly under § 1132(a)(1)(B).  Therefore, Plaintiff's causes of action for breach of fiduciary duty under § 1132(a)(3) against Defendants McLeod Health, Liberty Life, and MetLife are inappropriate and due to be dismissed.

B.     <u>Jury Demand</u>

Plaintiff has requested that a jury determine the amount of her monthly Plan Benefits. However, binding precedent in this Circuit mandates that jury trials are not available in ERISA actions. *See Biggers v. Wittek Indus., Inc.*, 4 F.3d 291, 298 (4th Cir. 1993); *Berry v. Ciba-*

---

[1] "The Plaintiff's § [1132(a)(3)] claim is a safety net, in a sense, in that it could provide the Plaintiff equitable relief in the event Plaintiff's § [1132(a)(1)(B)] claim failed for some procedural reason. (<u>i.e.</u>, statute of limitations, failure to exhaust administrative remedies, etc.).

If Defendants intend to raise procedural defects as defenses, the Plaintiff believes she is entitled to pursue a § [1132(a)(3)] claim to provide the Plaintiff equitable relief in the event her § [1132(a)(1)(B)] claim fails for procedural reasons." [Plaintiff's Opposition to Defendants, McLeod Health and McLeod Health Short Term Disability Plan's Motion to Dismiss and Motion to Strike, at pg. 3-4, Docket Entry #39]; [Plaintiff's Opposition to Defendant, Liberty Life Assurance Company of Boston's Motion to Dismiss and Motion to Strike, at pg. 3-4, Docket Entry #38]; [Plaintiff's Opposition to Defendants, McLeod Health Employee Group Term Life Insurance Plan and Metropolitan Life Insurance Company's Motion to Dismiss and Motion to Strike, at pg. 5, Docket Entry #55].

*Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985); *accord Cherepinsky v. Sears Roebuck and Co.*, 455 F. Supp. 2d 470, 476 (D.S.C. 2006); *Ellis v. Metropolitan Life Ins. Co.*, 919 F. Supp. 936, 938 (E.D.Va. 1996); *Allison v. Continental Cas. Ins. Co.*, 953 F. Supp. 127, 128 (E.D.Va. 1996); *Colonial Williamsburg Foundation v. Blue Cross and Blue Shield of Virginia*, 909 F. Supp. 386, 388 (E.D.Va. 1996). Accordingly, Plaintiff's request for a jury trial is stricken.

### Conclusion

For the reasons stated above: Defendant McLeod Health's [Docket Entry #17] motion to dismiss and/or partial summary judgment is **GRANTED**; 2) Defendants McLeod Health and McLeod Health Short Term Disability Plan's [Docket Entry #18] motion to strike Plaintiff's jury demand is **GRANTED**; 3) Defendant Liberty Life Assurance Company of Boston's [Docket Entry #27] motion to dismiss and to strike is **GRANTED**; 4) Defendant Metropolitan Life Insurance Company's [Docket Entry #49] motion to dismiss and to strike is **GRANTED**; and 5) Defendant McLeod Health Employee Group Term Life Insurance Plan's [Docket Entry #51] motion to dismiss and to strike is **GRANTED**. This case shall proceed, non-jury, on Plaintiff's claims for benefits due under 29 U.S.C. § 1132(a)(1)(B) against the McLeod Health Benefit Plans.

September 10, 2007                                                       s/ R. Bryan Harwell
Florence, S.C.                                                                  R. Bryan Harwell
                                                                                         United States District Judge